IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY BRYANT                                                                           PETITIONER

VS.                                                      CIVIL ACTION NO. 5:06cv189DCB-MTP

CONSTANCE REESE, WARDEN                                                              RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Tommy Bryant, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition filed and the petitioner's responses, this court has reached the following conclusion.

Petitioner challenges his September 15, 2003, sentencing to 46 months on count 1 of the indictment charging him with possession with intent to distribute a mixture and substance containing methamphetamine and to 60 months on count 2 of the indictment charging him with possession of a firearm during and in relation to a drug trafficking crime. The sentence of count 2 was ordered to run consecutively to the sentence of count 1. The Petitioner received said sentence following a guilty plea which he entered in the United States District Court for the Northern District of Alabama (Middle Division). The petitioner states in his response [7-1] that he has not filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he is time barred from filing such a motion.

I.  PETITIONER'S GROUND FOR RELIEF

In his § 2241 petition [1-1] and more specifically in his response [7-1], Petitioner asserts the following as grounds for habeas relief:  (1)  that the judgment for his criminal conviction is

void because the convicting court lacked jurisdiction and that he is entitled to have his conviction as well as the sentence overturned; (2) that his Fifth and Sixth Amendment rights were violated because the enhancement of his sentence was based on the sentencing judge's determination of a fact other than prior conviction that was not found by a jury nor admitted by the petitioner; (3) that Count 1 voids Count 2 of his indictment; and (4) that being required to serve time on supervised release under the circumstances of this case will result in him receiving double punishment. The Petitioner bases his conclusion that he should be granted habeas relief on the holding of the United States Supreme Court in U.S. v. Booker, 543 U.S. 220 (2005)[1]. See Petition [1-1] filed December 19, 2006 and Response [11-1] filed February 27, 2007 .

## II. DISCUSSION

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). In Pack, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452. Clearly, the petitioner has filed the instant § 2241 petition challenging his conviction and sentence entered by the District Court of the Northern District of Alabama.

---

[1] Together with the Booker decision, the United States Supreme Court decided the case of United States v. Fanfan, 543 U.S. 220 (2005).

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The petitioner argues that the United States Supreme Court's holding in U.S. v. Booker, 543 U.S. 220 (2005) affords him relief from his conviction and sentence imposed by the United States District Court for the Northern District of Alabama. The Fifth Circuit has specifically held that Booker is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255. Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). Additionally, the Petitioner being time barred from filing a 28 U.S.C. § 2255 motion to vacate, without more, fails to affirmatively show that relief pursuant to 28 U.S.C. § 2255 is inadequate and ineffective. See Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) ).[2] Since the petitioner is challenging the validity of his conviction and sentence in the

---

[2]Even though the Petitioner states in his response p.2 [7-1] that he is not claiming that the motion to vacate pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the Petitioner states that a habeas motion filed pursuant to 28 U.S.C. § 2241 is the adequate and effective means of attaching his current sentence and confinement because he is time barred from filing a motion to vacate pursuant to 28 U.S.C. § 2255. The Petitioner's argument is without merit. Clearly, a petition filed pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate pursuant to

instant petition and since he fails to satisfy the requirement of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.

Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of the case. Thus, this petition must be dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. See Pack v. Yusuff, 218 F.3d 448, 454-455 (5th Cir. 2000).

### III. CONCLUSION

For the reasons discussed in this memorandum opinion and order, the Court finds that it is without jurisdiction to consider the § 2241 petition brought by Bryant. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.

SO ORDERED, this the   30th   day of    April    , 2007.

          s/ David Bramlette
          UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citations omitted).